**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOLANYID RODRIGUEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>KIRSCHENBAUM & PHILLIPS, P.C.,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL  ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff SOLANYID RODRIGUEZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant KIRSCHENBAUM & PHILLIPS, P.C., (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15

1

U.S.C. § 1692 *et seq.* ("FDCPA").

4.  Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6.  Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.  Defendant is a collection agency with its principal office located at Farmingdale, NY.

8.  Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.  Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10.  Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted

the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i.    Whether Defendant violated various provisions of the FDCPA;

    ii.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    iii.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute

their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO SOLANYID RODRIGUEZ

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to May 16, 2016, an obligation was allegedly incurred by Plaintiff.

13. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. At a time known only to Defendant, CREDIT CORP SOLUTIONS, INC., directly or through an intermediary, contracted Defendant to collect on its alleged debt.

18. In its effort to collect on the CREDIT CORP SOLUTIONS, INC., obligation, Defendant contacted Plaintiff by written correspondence on May 16, 2016. ("Exhibit A").

19. Plaintiff upon opening and viewing the letter at the top center the following information reads:

> "Re:       Original Creditor: Synchrony Bank
>
>            Current Creditor: Credit Corp Solutions Inc
>
>            Account Holder: Solanyid Rodriguez, Cleotilde Vigil
>
>            Account Number ************3694

"The Total Amount of the Debt Due as of Charge off: $1, 043.31

The Total Amount of Interest Accrued since Charge-Off:  $7.20

The Total Amount of Non-Interest Charges or

   Fees accrued since Charge off:              $0.00

The Total Amount of payments and credits

   Made on the debt since the Charge off:      $0.00

Balance Due:                                   $1,050.51"


20. The notification and collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized

by the agreement creating the debt or permitted by law is unlawful.

21. Defendant's letter fails to disclose whether the balance may increase due to interest and fees.

22. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### FIRST COUNT
#### Violation of 15 U.S.C. §§ 1692e, 1692f
#### The Charging of Unlawful Fees

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

26. Defendant's "Interest Accrued" interest demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not authorized by the agreement creating the debt.

27. Defendant's "Interest Accrued" interest demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not permitted by law.

28. Defendant's "Interest Accrued" interest demand is in violation of 15 U.S.C. § 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payments made by phone, or by collecting an amount that was not authorized by contract or permitted by law.

29. In addition, Defendant's additional interest charge, "Interest Accrued" is in violation of 15 U.S.C. § 1692e(2)(A), which prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt, where Defendant misleadingly informed and added an additional fee labeled as "Interest Due" to the underlying alleged principle, when in fact no such charge is permitted by law.

30. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §§1692(e) and (f) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e
### False or Misleading Representations

31.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

34. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

35. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

36. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be unlawfully received by any debt collector for the collection of a debt.

37. Defendant violated § 1692e by making a false representation that it is entitled to receive

compensation for payment via an "Interest Accrued" additional fee.

38. The "least sophisticated consumer" would likely be deceived by the fee charged as

"Interest Accrued" fee into believing that Defendant was legally entitled to collect the fee.

39. The least sophisticated consumer would likely be deceived in a material way by the

Defendant's conduct.

40. Defendant has violated § 1692e by using a false, deceptive and misleading representation

in its attempt to collect an alleged debt.

**THIRD COUNT**
**15 U.S.C. §1692g**
**Failure to Adequately Convey the Amount of the Debt**

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "40" herein with the same force and effect as if the same were set

forth at length herein.

42. 15 U.S.C. § 1692g provides that within five days after the initial communication with a

consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt,

send the consumer a written notice containing certain enumerated information.

43. One such requirement is that the debt collector provide "the amount of the debt." 15

U.S.C. § 1692g(a)(1).

44. A debt collector has the obligation not just to convey the amount of the debt, but also

to convey such clearly.

45. Defendant's letter sets forth an amount of Debt Due as of Charge off: $1,043.31.

46. Defendant's letter then sets fourth: "The Total Amount of Interest Accrued since charge

off: $7.20.

47. Defendant's letter fails to classify what these additional charges and interest are.

48. Defendant's letter then states "Balance Due: $1,050.51."

49. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

50. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

51. The letter fails to advise Plaintiff that if Plaintiff pays the "Balance Due: $1,050.51." an adjustment may be necessary after Defendant receives payment.

52. The letter fails to advise Plaintiff that Defendant will inform Plaintiff of the balance difference before depositing payment.

53. The letter fails to advise Plaintiff of the amount of potential late fees.

54. The letter fails to advise Plaintiff the amount of money the "Balance Due" will increase per day.

55. The letter fails to advise Plaintiff the amount of money the balance "in the sum of $1, 050.51.," will increase per week.

56. The letter fails to advise Plaintiff the amount of money the "Balance Due" will increase per month.

57. The letter fails to advise Plaintiff the amount of money the "Balance Due" will increase in any measurable period.

58. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

59. The least sophisticated consumer could reasonably believe that the debt could be satisfied

by remitting the balance at any time after the receipt of the letter.

60. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees.

61. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable fee.

62. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fail to indicate the amount of applicable and/or possible late fees.

63. For these reasons, Defendant failed to clearly state the amount of the debts.

64. For these reasons, Defendant failed to unambiguously state the amount of the debts.

65. The least sophisticated consumer would be confused as to how she could satisfy the debt.

66. The least sophisticated consumer will be confused as to what he actually owes.

67. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

68. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

69. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

## FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692e
### False or Misleading Representations

70. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "69" herein with the same force and effect as if the same were set forth at length herein.

10

71. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

73. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

74. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Balance Due" was static.

75. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Balance Due" was dynamic due to the continued accumulation of charges and interest.

76. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

77. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

78. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

     (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Sirotkin Varacalli & Hamra, LLP, as Class Counsel;

     (b)    Awarding Plaintiff and the Class statutory damages;

     (c)    Awarding Plaintiff and the Class actual damages;

    (d)       Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)       Awarding pre-judgment interest and post-judgment interest; and

    (f)       Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 10, 2017

Respectfully submitted,

By: /s/ Abraham Hamra _____
Abraham Hamra, Esq.
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone:  (646) 590-0571
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 10, 2017

Respectfully Submitted,
By: /s/ *Abraham Hamra*
Abraham Hamra